UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Robert McCluskey

    v.                                   Civil No. 05-cv-052-JD
                                             Opinion No. 2006 DNH 049
PrimeCare Medical, Inc., et al.


O R D E R

Robert McCluskey brings civil rights claims under 42 U.S.C. § 1983 and related state law claims against PrimeCare Medical, Inc., Rockingham County, the Rockingham County Department of Corrections, Rockingham County House of Corrections Superintendent Albert Wright, Josephine M. Meador, M.D., and Jonathan Jaffe, M.D., arising from the circumstances of McCluskey's medical care while he was incarcerated at the Rockingham County Jail. Dr. Meador and Dr. Jaffe move for summary judgment. McCluskey filed an assented-to motion to amend his complaint and objects to summary judgment.

After the motions for summary judgment were filed, discovery deadlines in this case were extended, and the trial was continued to the trial period beginning on January 23, 2007. PrimeCare, and the Rockingham County defendants were granted sixty additional days within which to file motions for summary judgment, making their motions due by May 22, 2006. Dr. Jaffe filed a motion for leave to file a supplemental statement of undisputed material facts.

I.  <u>Motion to Amend Complaint</u>

McCluskey moves to amend his complaint to eliminate his claim that the defendants conspired to violate his civil rights. He also adds PrimeCare Medical, Inc., as a defendant to his civil rights claim against Rockingham County, Rockingham County Department of Corrections, and Superintendent Albert Wright.  He represents that the defendants assented to his motion to amend.

Federal Rule of Civil Procedure 15(a) provides that after responsive pleadings are served, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party."  When a party moves to amend, "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); <u>see also</u> <u>States Res. Corp. v. Architectural Team, Inc.</u>, 433 F.3d 73, 83 (1st Cir. 2005).  Ordinarily, however, if a motion to amend the complaint is filed while motions for summary judgment are pending, "'the proposed amendment must be not only theoretically viable but also solidly grounded in the record.'" <u>Gonzalez-Perez v. Hosp. Interamericano De Medicina Avanzada</u>, 355 F.3d 1, 5 (1st Cir. 2004) (quoting <u>Watson v. Deaconess Waltham Hosp.</u>, 298 F.3d 102, 109 (1st Cir. 2002)).

Because the proposed amendments do not alter the issues raised in the motions for summary judgment and the defendants assented to the proposed amendments, the motion is granted.  The court notes, however, that McCluskey continues to name "John and

Jane Doe" as defendants in this action.  McCluskey shall identify and serve those defendants within twenty days of the date of this order or John and Jane Doe will be dismissed from this case, provided, however, that McCluskey may file a motion for an extension of time in which he provides good cause for allowing additional time to name the John and Jane Doe defendants.  See Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998).

II.  Motions for Summary Judgment

In the first claim of the amended complaint, McCluskey alleges that Dr. Meador, Dr. Jaffe, "and John and Jane Does" violated his civil rights by failing to provide adequate medical care to him and being deliberately indifferent to his rights while he was incarcerated at the Hillsborough County House of Corrections.  His second claim is that PrimeCare Medical, Inc., Rockingham County, Rockingham County Department of Corrections, and Albert Wright failed to provide "adequate and constitutional medical care" and failed to train and supervise their agents and employees to provide such care.  McCluskey also alleges state law claims of negligence, battery, intentional and negligent infliction of emotional distress, and medical negligence.[1]  Dr.

---

[1] McCluskey, who is represented by counsel, alleges a catch-all claim that the defendants violated "the rights otherwise guaranteed to the plaintiff under the laws and constitutions of the State of New Hampshire and the United States."  The lack of specificity of such a claim undermines its effectiveness.

Meador and Dr. Jaffe each move for summary judgment on the claims against them.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

"Under Federal Rule of Civil Procedure 56(e), on summary judgment, the parties in their supporting affidavits 'shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.'" Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 14 (1st Cir. 2006). Factual evidence provided by experts for purposes of supporting or

opposing summary judgment must also comply with Rule 56(e). Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 681 (1st Cir. 1994); Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 92 (1st Cir. 1993). An affidavit must be based upon personal knowledge of the facts to be considered for purposes of summary judgment. An affidavit based on "knowledge and belief" does not meet the Rule 56(e) standard. See, e.g., Perez v. Volvo Car Corp., 247 F.3d 303, 315-16 (1st Cir. 2001); Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000); Lopez v. Corporacion Axucarera, 938 F.2d 1510, 1515-16 & n.11 (1st Cir. 1991); Mas Marques v. Digital Equip. Corp., 637 F.2d 24, 29 (1st Cir. 1980); City of Waukegan v. Martinovich, 2005 WL 3465567, at *3 n.2 (N.D. Ill. Dec. 16, 2005). Further, "the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." Perez, 247 F.3d at 316.

Dr. Meador provides her affidavit with a jurat, stating that she "acknowledged the foregoing instrument to be true and accurate to the best of her knowledge and belief." Dr. Meador provides a copy of her contract with PrimeCare but no medical records or other documentary support for her affidavit. McCluskey's affidavit provides his recollection of his treatment by the defendants, without any supporting documentation or records, and is based on "the best of my knowledge and belief." McCluskey also relies on the expert report of Joe Goldenson,

M.D., who provided a sworn affidavit that he is an expert hired by McCluskey's counsel and stated: "I have read the report I prepared in this case and declare that the opinions, observations, and conclusions therein are in fact true." Pl. Ex. 2. Dr. Goldenson's jurat is also based on his "knowledge and belief." Only Dr. Jaffe provided an affidavit and a record that complies with Rule 56(e).

The court will not parse through Dr. Meador's affidavit to find statements apparently based on personal knowledge that would be competent for purposes of summary judgment. Further, the lack of record citations, with copies of the pertinent records or documents, leaves Dr. Meador's affidavit short of the Rule 56(e) standard. Therefore, Dr. Meador's motion for summary judgment is denied due to her failure to provide proper support as required by Rule 56(e). This denial is without prejudice to refile a properly supported motion.

Dr. Jaffe challenges Dr. Goldenson's opinion that Dr. Jaffe acted with deliberate indifference to McCluskey's serious medical needs, contending that the opinion is not competent as to his state of mind. The court agrees that Dr. Goldenson's opinion that Dr. Jaffe was deliberately indifferent is not properly supported. Although Dr. Goldenson lists facts and opinions, he does not sufficiently tie the facts and opinions to his conclusion of deliberate indifference. See, e.g., Cook v.

Sheriff of Monroe County, 402 F.3d 1092, 1112 (11th Cir. 2005). Because Dr. Jaffe has now moved to supplement the factual record in this case, however, it appears that his motion is also not ripe for consideration as filed.  Therefore, Dr. Jaffe's motion is also denied without prejudice to refile a motion that includes all properly supported material facts.

The court further notes that motions for summary judgment at this stage in the case appear to be premature.  The defendants' expert disclosure deadline is June 1, 2006.  The John and Jane Doe defendants are yet to be identified and served.  Therefore, the deadline for filing motions for summary judgment is extended for all parties until **September 1, 2006**.

### Conclusion

For the foregoing reasons, the plaintiff's assented to motion to amend the complaint (document no. 37) is granted. Defendant Dr. Jaffe's motion for leave to file a supplemental statement (document no. 40) is terminated.

Defendant Josephine Meador's motion for summary judgment (document no. 25) and defendant Jonathan Jaffe's motion for summary judgment (document no. 24) are denied without prejudice to file properly supported motions within the extended deadline. The deadline for all motions for summary judgment is **September 1, 2006.**

Renewed motions for summary judgment and objections to those motions shall comply with Local Rule 7.2(b) and Federal Rule of Civil Procedure 56(e), including being accompanied by affidavits made upon the affiant's personal knowledge and with properly submitted records to support factual statements.  Affidavits of expert witnesses shall comply with Rule 56(e) and Federal Rule of Evidence 702.  Summary judgment is an important process that enables the parties and the court to narrow the issues in a case.  It is the court's intention that all parties in this case be given a full opportunity to present their motions and objections in compliance with Rule 56 so that the resources of the parties and the court can be used productively in narrowing the issues and, if appropriate, the claims.

The plaintiff shall identify and serve the defendants listed as Jane and John Doe within **twenty days of the date of this order, unless an extension of time is sought and granted,** or the claims against those defendants will be dismissed without prejudice.

In light of the plaintiff's expert's report, the opinions expressed by his treating doctors, the circumstances of the plaintiff's release from the Rockingham County House of Corrections, and the expense of pursuing and defending litigation of this type, the court expects the parties to engage in good faith settlement negotiations or mediation at the appropriate

time and to use their best efforts to resolve the claims brought by the plaintiff before unnecessary time and resources are spent litigating those claims.

    SO ORDERED.

                                                    _____
                                                    Joseph A. DiClerico, Jr.
                                                  United States District Judge

April 25, 2006

cc:  Kenneth C. Bartholomew, Esquire
     Steven E. Hengen, Esquire
     Jonathan A. Lax, Esquire
     Maureen Raiche Manning, Esquire
     Peter W. Mosseau, Esquire
     Lawrence A. Vogelman, Esquire